IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

```
CLERK'S OFFICE U.S. DIST. COURT
       AT ROANOKE, VA
            FILED
       MAR 3 1 2006
JOHN F. CORCORAN, CLERK
BY:
       DEPUTY CLERK
```

ROBERT DEAN BEVERIDGE,            )
    Plaintiff,                    )        Civil Action No. 7:06cv00166
                                  )
                                  )        **MEMORANDUM OPINION**
                                  )
GENE JOHNSON,                     )        By:  Samuel G. Wilson
    Defendant.                    )        United States District Judge

Petitioner Robert Dean Beveridge, a Virginia inmate proceeding pro se, has filed this suit.

Beveridge challenges his September 7, 2004, institutional conviction for drug use, raising various

due process claims. Beveridge purports to bring his claims pursuant to 28 U.S.C. §2254; however,

the court construes his suit as one under 42 U.S.C. § 1983 and dismisses it pursuant to 28 U.S.C. §

1915A for failure to state a claim for which the court may grant relief.[1]

**I.**

Following an institutional disciplinary hearing, Beveridge was found guilty of "being under

the influence of drugs" and received a 15-day sentence in an isolation unit. Beveridge appealed his

conviction to both the Warden and the Regional Director of the Virginia Department of Corrections;

however, both upheld his conviction. Beveridge then filed this suit, contending that prison officials

denied him due process at the hearing because the institution "lost" his urine sample for 24 hours,

failed to establish a proper chain of custody regarding the urine sample, and refused to allow a new

---

[1] Beveridge claims only that the institutional conviction resulted in a temporary transfer to an isolation unit. Beveridge does not claim that the conviction in any way affected the duration of his sentence. Therefore, habeas relief is unavailable to him. See Presier v. Rodriguez, 411 U.S. 475, 484 (1973)(holding that challenges to the validity of confinement or the particulars of its duration are properly raised in a habeas corpus action); Muhammad v. Close, 540 U.S. 749, 754-55 (2004)(finding that plaintiff's claim alleging an improper disciplinary conviction which did not actually effect the duration of his sentence failed to raise a cognizable claim for habeas relief); Sandin v. Conner, 515 U.S. 472 (1995)(holding that a transfer into a disciplinary segregation unit does not constitute placement "in custody" and thus a prisoner must challenge such a transfer through civil rights law).

Dockets.Justia.com

test. Beveridge also claims that his institutional advisor failed to provide him with adequate aid in preparing his defense. As for his time in the isolation unit, other than the fact of being separated from the general prison population, Beveridge does not allege that the conditions of confinement in the isolated unit were significantly different from those elsewhere in the prison.

## II.

"In order to prevail on . . . a procedural . . . due process claim, [an inmate] must first demonstrate that [he was] deprived of 'life, liberty, or property' by governmental action." Beverati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). An inmate does not have a liberty interest in avoiding isolation or separation from the general prison population. Id.; Sandin v. Conner, 515 U.S. 472, 484 (1995) (holding that protected liberty interests are generally limited to freedom from restraint which imposes atypical and significant hardship on inmate in relation to ordinary incidents of prison life); Jackson v. Smith, 91 F.3d 130 (Table), 1996 WL 380254 (4th Cir.) (unpublished) (affirming district court's judgment as a matter of law that confinement in isolation did not implicate a due-process-protected liberty interest); Kennedy v. Blankenship, 100 F.3d 640, 642 n. 2, 643 (8th Cir.1996) (holding that placement in punitive isolation was not atypical and significant deprivation even though prisoner faced restrictions in mail, telephone, visitation, commissary, and personal-possession privileges). Thus, Beveridge did not have a liberty interest in avoiding his temporary stay in isolation and, therefore, has not stated a due process claim. Accordingly, the court dismisses his action pursuant to 28 U.S.C. § 1915A.

**ENTER:** This _3/4_ day of March, 2006.

_____

UNITED STATES DISTRICT JUDGE